## Julius Gebhard, Defendant in Error, v. Brewers Malting Company, Plaintiff in Error.

### Gen No. 18,837.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

### Statement of the Case.

Suit in attachment by Julius Gebhard against Brewers Malting Company, a corporation, on a written contract. Notice was served upon defendant by publication and a default was entered, and upon assessment of damages judgment was entered against defendant for $1,730.60. At the same term at which judgment was entered the court denied defendant's motion to vacate the judgment and the defendant at a subsequent term prosecuted a writ of error to review the order denying his motion to vacate.

Prior to the suing out of this writ of error the defendant prayed an appeal to the Appellate Court from the judgment by default. This appeal was heard in that court in *Gebhard v. Brewers Malting Co., ante,* p. 254.

ALVIN W. WISE, for plaintiff in error.

CHASE R. RANKIN, for defendant in error; EINAR C. HOWARD, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. COURTS, § 33*—*rules of court.* Rule 2 of the Circuit Court of Cook county was not meant to apply to attachment cases in which service is had on the defendants by publication.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. APPEAL AND ERROR, § 1380*—*when discretion in setting aside default not reviewable.* A motion to set aside a default is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been wrongfully and oppressively exercised the Appellate Court will not interfere.

3. JUDGMENT, § 142*—*when showing insufficient to set aside default.* On a motion to vacate a default judgment where the only evidence offered to support the motion was an affidavit of an employe of defendant, *held* that denial of the motion was not an abuse of trial court's discretion, there being no proper showing that defendant had a meritorious defense or that he was not guilty of negligence from failing to plead in apt time.

4. JUDGMENT, § 148*—*when counter-affidavit on motion to vacate a default improper.* On motion of defendant to vacate a default judgment entered against him, admitting affidavits of plaintiff on question whether defendant had a meritorious defense in opposition to defendant's motion, *held* improper but not prejudicial error.